UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PAUL L. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7:09-cv-125-O |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on August 6, 2009. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On October 19, 2005, plaintiff Paul L. Martinez (hereinafter "Plaintiff" or "Martinez") filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of November 30, 2000. (Administrative Record (hereinafter "Tr." at 17, 117-127). At the ALJ hearing, his alleged onset date was amended to December 4, 2005. (Tr. 17, 52, 64, 74).[1] He alleged disability due to diabetes and vision problems. (Tr. 170). His claim was denied by the state agency initially and on reconsideration, after which he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 17). A hearing was held before the ALJ on August 8, 2007, at which Plaintiff

---

[1] Martinez's attorney orally requested that the ALJ consider an amended onset date of December 4, 2005. (Tr. 77).

appeared with counsel and testified on his own behalf. (Tr. 40-87). The ALJ also received the testimony of vocational expert ("VE") Clifton A. King, Jr. (Tr. 84-87). On October 26, 2007, the ALJ denied Plaintiff's request for benefits. (Tr. 14-22).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council, and on June 1, 2009, the Appeals Council denied his request for review. (Tr. 4-6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002). Plaintiff filed his federal complaint on August 5, 2009. Defendant filed an answer on October 19, 2009. On December 21, 2009, Plaintiff filed his brief, followed by Defendant's brief on February 18, 2010.

Standard of Review - Social Security Claims: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d at 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>:   To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to step four. He found that Plaintiff had not engaged in substantial gainful activity since December 4, 2005, (Tr. 19), and had a combination of severe impairments, to wit: "diabetes mellitus, peripheral neuropathy, hypertension, and history of seizure activity", (Tr. 19), but that the combination of his impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20). The

ALJ found that Martinez retained the residual functional capacity ("RFC") to wit: "occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; walk/stand 6 hours in an 8 hour work day; sit 6 hours in an 8 hour work day; and occasionally balance. The claimant has moderate level of fatigue and discomfort." (Tr. 17). He found that Martinez was capable of performing his past relevant work as an auto salesperson, and therefore denied his request for disability benefits. Martinez argues that the ALJ failed to properly consider his inability to pay for his medications.

Analysis:

Martinez was 39 years old on the date of the ALJ hearing, (Tr. 46), with an eleventh-grade special education, (Tr. 176), and past relevant work as a truck driver and car salesman. (Tr. 81, 148, 171). On January 5, 2006, Dr. Jerome M. Adams, M.D. opined that "he would not be able to function in the work place in that first the uncontrolled diabetes would not allow him to consistently work at anything because of constant thirst and urination and his mobility is severely limited by the leg neuropathy and has very substantial pain with the neuropathy. Excess fatigue would also mitigate against him." (Tr. 339). At the ALJ hearing, Martinez testified that he was unable to afford his medications. (Tr. 59, 75). The ALJ read Dr. Adams' statement regarding Martinez's limitations, and asked VE King to opine on whether or not he agreed with Dr. Adams. The VE opined that such limitations, uncontrolled by medication, would significantly decrease the ability for Plaintiff to return to an automobile sales job, could possibly result in the need for accommodation, and the ability for Plaintiff to maintain or retain the job would vary. (Tr. 84-86).

Although Dr. Adams's assessment rendered on January 5, 2006, is inconsistent with an ability to engage in Plaintiff's former work as an auto salesman, in considering this opinion the

4

ALJ found that Martinez's condition rapidly improved following his hospitalization in December 2005.  (Tr. 22).  The ALJ further noted the repeated claim by Plaintiff that he could not afford the medications needed to control his diabetes and hypertension, he found that he failed to pursue options for obtaining the medications at little or no cost.  Specifically the ALJ stated:

> "The claimant has diabetes and hypertension which can be well controlled with proper medical treatment.  Although the claimant asserts he cannot afford the prescription medication, it is unfortunate that he has been so complacent regarding these conditions and has failed to pursue options within the medical community that will provide his medication at little or no charge.  The undersigned notes he has benefitted from samples provided by his physicians.  It is perplexing to the undersigned that the claimant has failed to seek medication assistance since his conditions are so amenable to medical intervention." (Tr. 21; *see also* Tr. at 349 and 347-348).

The plaintiff bears the burden of proof under the first four steps of the sequential analysis.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), citing *Bowen, supra*, 482 U.S. at 146, n.5.  Plaintiff argues that the ALJ failed to properly consider his inability to pay for his medications; however, Plaintiff failed to meet his burden of proof on this issue, and has failed to present any evidence at all that he tried to obtain free or low-cost medication and was unsuccessful.

A medical condition that can be reasonably remedied with medication is not disabling unless the claimant can show that he cannot afford the treatment or medication and can find no other way to obtain it.  *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).  The record

indicates that Martinez's diabetes and hypertension could be easily controlled with medication that he had already been prescribed, and further that his treating physicians had provided him with forms to fill out to assist him in obtaining "help with medicine". (Tr. 345). Martinez has not presented evidence as to whether or not he attempted to take advantage of such assistance.

As noted above, the ALJ explained why he rejected Dr. Adams's opinion that Martinez was unable to work. Moreover, the determination that a claimant is unable to work is a legal conclusion reserved exclusively to the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *see also* 20 C.F.R. § 404.1527(e)(1). In this case, the ALJ properly exercised his responsibility as fact finder in weighing the evidence and in incorporating limitations into his RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and its judgment DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 30th day of March, 2010.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.